Martin, J.
The plaintiff stating himself of 1 ° the parish of New-Orleans, brought suit against the defendant, whom he stated to be of the state of Alabama. The latter, stating himself a citizen and inhabitant of that state, filed his petition for the removal of the suit into the court of the united states, for the district.
The plaintiff averred, that he was and always had been a citizen of the state of Massachusetts, and opposed the removal.
The suit was ordered to be removed, and he appealed.
His counsel urges, that the parish court erred, as it was no where stated that he is a *441 citizen of this state. 3 Dallas, 382, 4 id. 8, 2 Cranch, 126, 4 id. 46.—Farther, that the fact is not made to appear to the satisfaction of the court. 3 Johnson’s Reports, 145, 3 Day's cases, 16, 194.
East’n District.
May, 1822.
The act of congress (1789, cap. 20,sec. 12,) under which the removal was prayed, describes the suits in which such an application may be successfully made. Suits against aliens; suits, by a citizen of the state in which the suit is brought, against a citizen of another state.
The defendant avers himself to be a citizen of another state; ergo, the suit can be removed only on the ground of the plaintiff being a citizen of this.
The defendant does neither shew, nor even allege, that the plaintiff is such a citizen; but he contends, that this sufficiently appears from the plaintiff’s petition, in which he is stated to be of the parish of New-Orleans.
This is the very case which was determined in the supreme court of the united states, in the case of Bingham, plaintiff in error vs. Cabot, & al., 3 Dallas, 382, cited by the plaintiff’s counsel.
The parish court was left to infer, that the *442 plaintiff is a citizen of this state, from the sole circumstance of his having described himself as of the parish of New-Orleans.
This circumstance shews, that he is a resident, or inhabitant of that parish, and consequently of this state. The conclusion of the court could only be justified on the ground of citizenship being co-extensive with residency or inhabitancy. An alien does not become a citizen of, by a residence within, the united states ; neither does a citizen of New-York acquire the citizenship of Louisiana, by a residence within this state. Either the alien or citizen of New-York, may reside in the parish of New-Orleans, and be correctly described as of that parish.
As nothing in the plaintiff’s petition, or that of the defendant’s, for a removal of the suit, shews that the former is a citizen of this state, and as this citizenship is a sine qua non, in the defendant’s application, the parish court erred in directing the removal of the cause.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the suit be remanded, wfith directions to the judge, to proceed therein according to law, as *443 if no petition for a removal had been filed; 1 and it is ordered that the defendant and ap-pellee pay the costs of this appeal.
Hoffman for the plaintiff, Grymes for the defendant.